**Valentine Wagner and John Hauschild, Defendants in Error, v. Richard Guthman Transfer Company, Plaintiff in Error.**

## Gen. No. 16,804.

1. NEGLIGENCE—*destruction of unlawful structure.* In an action for the negligent destruction of a storm door, it is no defense that the construction was unlawful under a city ordinance.

2. MASTER AND SERVANT—*liability for acts of employee.* Where a driver for a transfer company, acting within the line of his employment, negligently destroys a storm door, the company is responsible.

3. NEGLIGENCE—*management of team.* In an action for damages from destruction of a storm door, where it is shown that the door was struck by a load of timber in charge of defendant's driver, there is sufficient evidence of negligence to raise a question of fact.

Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed January 27, 1913.

ADOLPH MARKS, for plaintiff in error.

SAUL C. ERBSTEIN, for defendants in error.

MR. JUSTICE BROWN delivered the opinion of the court.

One Harry Rice was on January 16th, 1909, driving a team of horses hitched to a large truck wagon fourteen feet long, which was loaded with timbers which stuck out from ten to twelve feet behind the wagon. Rice was working for the Guthman Transfer Company, which was paying him. Guthman of the Transfer

Wagner et al. v. Richard Guthman Transfer Co., 177 Ill. App. 46.

Company, or his barn boss, gave orders to Rice in the morning to go to the Gas Company's building and haul away whatever other persons there (presumably persons who held with the Transfer Company a contract for the use of the team and wagon) might direct, and to take it to the court house or city hall, where certain excavation was going on. At the court house or city hall Rice took orders from the persons in charge there of the business carried on by the person who had contracted for the team. Rice had not been a teamster long, and says he never was much of a driver, that he had been a helper on an ice wagon. On the trip with which this litigation is concerned he had taken one loaded wagon to the court house, delivered the wagon and load, and in accordance with directions given him, hitched the team of horses to the wagon loaded with timbers (which stood in the street), in order to drag it into the enclosure where the work on the public building was going on.

While turning around, his wagon or its load struck and demolished a construction which served as the side entrance of a dramshop belonging to Wagner & Hauschild on the southwest corner of Clark and Washington streets. This was a storm door or storm house made of art glass and wood and projected on the sidewalk of Washington street two feet and a half from the main building line. It contained an electric chandelier which was destroyed. The defendants in error claim this all happened through the negligence of Rice. Hence the suit in the Municipal Court, which resulted in the judgment for the defendants in error, Wagner and Hauschild, for $150 against the plaintiff in error, the Richard Guthman Transfer Company, which the plaintiffs in error are attacking in this court.

The first contention of plaintiffs in error is that the construction was unlawful under the ordinances of the City of Chicago. This is no defense, even assum-

ing, which is doubtful, that it was sufficiently proved in the case. The plaintiff in error had no commission from any authority to abate this storm door as a nuisance or a purpresture or an offense against the law, and must answer for its destruction by the negligence of a servant, even if it was improperly located.

The second contention is that the Guthman Transfer Company is not responsible for the negligence of Rice. Under the evidence we think it is. Rice was its servant, paid by it, employed with its agencies and for its profit, and it is responsible for his negligence in acts within the line of his employment.

The third contention is that there is no evidence showing that Rice was guilty of any negligence. We think that the evidence presented at least a fair question of fact for the judge below to pass on, and that his finding is not without support or against the weight of the evidence.

The fourth and final contention of the plaintiff in error is that a wrong measure of damages was adopted by the judge below; that he gave judgment for the cost of replacing by a new construction an old and deteriorated one. Taking all the evidence together, we cannot say that the cost of construction of the new entrance was the only factor entering into his assessment of damages, or that the amount given was not under the evidence a proper one.

The judgment of the Municipal Court is therefore affirmed.

*Affirmed.*